DEWEY R. FARR, APPELLANT, v. FRUEHAUF CORPORATION, A FOREIGN CORPORATION, APPELLEE.

258 N. W. 2d 821

Filed November 2, 1977. No. 41107.

Richard J. Dinsmore of Dolan & Dinsmore and Charles Nye of Garvey, Nye, Crawford, Kirchner & Moylan, for appellant.

Robert D. Mullin and Timothy J. Pugh of Boland, Mullin & Walsh, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

WHITE, C. THOMAS, J.

The plaintiff, appellant in this court, started work on May 23, 1956, with the defendant Fruehauf Corporation, appellee in this court, and worked continuously for the defendant until February 11, 1969, when the plaintiff suffered an injury to his right knee and back as the result of an automobile accident not connected with his employment. At the time of the accident the plaintiff was the age of 49 years and 1 month. The plaintiff was never able to return to work and at a date subsequent to his 50th birthday was determined to be totally and permanently disabled from pursuing his occupation as a welder for the Fruehauf Corporation and was finally terminated as an employee of the company on March 17, 1971, at the expiration of his seniority-benefit period as defined in the contract between the union representing the plaintiff and the defendant corporation.

Plaintiff brought this action in the District Court seeking recovery based on a disability-income contract that was part of the collective bargaining package between the plaintiff's union and the defendant corporation. The trial court found that the plaintiff was not entitled to the benefits of the income-disability payment contract and made the findings of fact in two principal areas: (1) That the plaintiff did not become totally and permanently disabled after his 50th birthday, a condition of Article III, Section 3 (a), of the contract, and (2) since the defendant had engaged in work for wage or profit after his active employment with the defendant corporation ceased, he was not eligible under the terms of the contract. We have determined that the trial court was correct in its determination that whatever disability the plaintiff suffered was incurred prior to his 50th birthday and affirm. It will not be necessary to discuss the second assignment of error.

The contract entitled "Pension Plan for Hourly Rated (Union) Employees of Fruehauf Trailer Company" and the provision in dispute here is contained in Article III, Section 3. "Section 3. *Total and Permanent Disability Retirement.* (a) Eligibility - - - - An Employee who on and after the Effective Date becomes totally and permanently disabled after his 50th birthday and after he has completed at least ten years of Credited Service shall be eligible for a disability retirement benefit as hereinafter provided."

At the time of the first examination of the plaintiff, a Dr. Maurice P. Margules diagnosed the plaintiff's injuries as a sprain of the lumbar spine and a torn medial meniscus of the right knee. The first examination took place on March 5, 1969, after referral to Dr. Margules, a neurosurgeon, from the plaintiff's personal physician. The testimony of Dr. Margules reflects that the plaintiff was treated conservatively, that there were some intervening medical problems with the plaintiff during the course of treatment unrelated to the accident and from which the plaintiff recovered. The plaintiff did not respond to the conservative treatment and on October 26, 1969, the plaintiff was admitted to Jennie Edmundson Hospital and surgery was performed. "The nature of the surgery was a complete resection of the posterior arch of L-5, which is an operation that is devised to reduce the compression of the nerves, cauda equina" and otherwise referred to in the examination as a lumbar laminectomy. The plaintiff did not respond well to the surgery and finally, on December 15, 1971, Dr. Margules determined that the plaintiff was permanently disabled from assuming his former duties as a welder.

At no time between the date of the accident on February 11, 1969, to March 5, 1969, when he first saw the plaintiff, and December of 1971, when he last saw the plaintiff, did Mr. Margules testify that the plaintiff was able to engage in his occupation of

a welder. Dr. Margules relates the permanent disability of Mr. Farr to the car accident of February 11, 1969. Although there was some reference in the evidence to a further back strain involving pushing a stalled vehicle, Dr. Margules testified that this did not significantly relate to either the disability or to his findings of disability.

Essentially the contention of the plaintiff is that the plaintiff was not disabled until the final determination of permanent disability, that of December 15, 1971. The defendant contends that the plaintiff was disabled as of the date of the accident since there was no substantial change in the condition of the plaintiff from the date of the accident to the date of the final determination. Since the date of disability is prior to plaintiff's 50th birthday anniversary, plaintiff is not eligible to receive benefits of the pension plan. We agree.

The operative words in the section of the pension plan are *"becomes" disabled.* To "become" means to pass from one state to another, to enter into some state or condition by a change from another state, or by assuming or receiving new properties or qualities, additional matter, or a new connection. State v. Laundy, 103 Ore. 443, 204 P. 958; Hislop v. County of Lincoln, 249 Ore. 259, 437 P. 2d 847.

This court has examined the question of whether total disability should be ascertained from the date of an accident or at a later point in time when the effects of that accident are manifest. In Rathbun v. Globe Indemnity Co., 107 Neb. 18, 184 N. W. 903, we said: "We think it may be said to be a matter of common knowledge that in a great many, perhaps in a large majority of, instances in which bodily injuries are received, the real nature and extent of said injuries do not reveal themselves until a greater or less time in the future and after the first pains from the hurt shall have passed away. The injured part often lies dormant for an indefinite period,

with but little or no consciousness of its existence by the person injured, although from the very moment of the accident, perhaps, the processes of nature may be busily engaged in developing what may have seemed to be but a slight hurt into a most serious and perhaps fatal injury. In such a case it cannot be said that the injury is not continuous and from the date of the accident, nor can it fairly or justly be said that the disability is not continuous and from date of the accident, because the injured party enjoys a brief respite from pain and suffering, only to be endured to a greater degree when perverted nature again asserts itself."

Here, the condition of the plaintiff did not substantially change over the period of time from the date of injury to the date of declaration of permanent disability. The determination from the first examination to the last examination of Dr. Margules was that the plaintiff was disabled from continuing his occupation as a welder. This condition, directly attributable to the accident, did not change.

The doctor's declaration of permanent disability was a formal confirmation of an already existing condition. Thus, the date of disability was the date of the accident and not the date of the doctor's determination that recovery would not be had from the injuries received in the accident. The plaintiff clearly did not come within the terms of the pension contract.

The judgment of the District Court is affirmed.

AFFIRMED.